IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM BEAUCHAMP, et al.            :            CIVIL ACTION
                                     :
            v.                       :
                                     :
CHICHESTER SCHOOL DISTRICT, et al.   :            NO. 05-4141
                                     :
O'NEILL, J.                                       November 17, 2005


MEMORANDUM

        Plaintiffs, William Beauchamp, Lori Beauchamp, and John W. Whitby, III, a minor, by

and through Lori Beauchamp, his natural parent and legal guardian, filed a complaint in the

Court of Common Pleas of Delaware County on July 29, 2005 against defendants, Chichester

School District and Michael Golde, James Donnelly, Jeff Nesbitt and Michael Stankavage

individually and in their respective capacities as employees of the Chichester School District.

Using the language of 42 U.S.C. § 1983, plaintiffs assert that defendants, while acting under the

color of state law, subjected or caused to be subjected Whitby, a citizen of the United States, to a

deprivation of the rights, privileges and immunities secured by the Constitution and law of the

United States.  On August 3, 2005, defendants removed this action to this Court.  Before me now

is defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6), plaintiffs' response, and defendants' reply thereto.


BACKGROUND

        Whitby was enrolled as a student in the Chichester School District's high school.  Lori

Beauchamp is Whitby's natural parent and legal guardian.  William Beauchamp appears to be

Lori Beauchamp's husband.  In their complaint, plaintiffs claim that on November 18, 2004 at

1

approximately 10:00 a.m., Whitby was "viciously and savagely attacked and assaulted" by a fellow student, Latanya Campbell. Plaintiffs claim that defendants knew or should have known that, prior to Campbell's transfer to and upon enrolling in the Chichester School District's high school, Campbell engaged in a pattern of violent and aggressive behavior. Plaintiffs further claim that defendants knew that Campbell was aggressive, violent and posed a substantial threat to the health, safety and welfare of the students attending that high school. Plaintiffs contend that on the morning of November 18, 2004, Lori Beauchamp contacted Chichester School District's high school employees and told them that Campbell intended to attack Whitby and also requested that defendants take steps to protect him from the threatened attack. Plaintiffs allege that, in response to that request, Chichester School District's high school employees told Lori Beauchamp that no one was available to protect Whitby because the administrative officials were involved in an unrelated civil action. Plaintiffs claim that despite defendants' general knowledge of Campbell's alleged aggressive behavior and the warnings they received, defendants took no action to protect Whitby. Plaintiffs allege that as a result of defendants' inaction, Whitby suffered substantial bodily injuries, emotional and mental distress, and embarrassment and humiliation, and Lori and William Beauchamp incurred medical bills, expenses and costs.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2005). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief."

Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted).  Nevertheless, in evaluating

plaintiff's proceedings, I will not credit any "bald assertions."  In re Burlington Coat Factory Sec.

Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Nor will I accept as true legal conclusions or

unwarranted factual inferences.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "The complaint

will be deemed to have alleged sufficient facts if it adequately put the defendant on notice of the

essential elements of the plaintiff's cause of action."  Nami, 82 F.3d at 65.  A Rule 12(b)(6)

motion is proper only if the plaintiff  "can prove no set of facts in support of his claim which

would entitle him to relief."  Conley, 355 U.S. at 45-46.

DISCUSSION

I.      Standing and Capacity to Bring Suit

Defendants assert that Lori and William Beauchamp lack standing to bring their own

claims for violations of Whitby's rights.  The Supreme Court has established that "the irreducible

constitutional minimum of [Article III] standing contains three elements."

> First, the plaintiff must have suffered an injury in fact --an invasion of a legally protected
> interest which is (a) concrete and particularized, and (b) actual or imminent, not
> conjectural or hypothetical.  Second, there must be a causal connection between the injury
> and the conduct complained of-- the injury has to be fairly . . . traceable to the challenged
> action of the defendant, and not . . . the result of the independent action of some third
> party not before the court.  Third, it must be likely, as opposed to merely speculative, that
> the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotations and citations

omitted).  In addition to the constitutional standing requirements of Article III, there are also

prudential standing requirements.  See Elk Grove Unified Sch. Dist. v. Newdow, __ U.S. __, 124

S.Ct. 2301, 2308 (2004) ("[O]ur standing jurisprudence contains two strands: Article III standing

. . . and prudential standing.").  Although the Court has not exhaustively defined the dimensions

3

of prudential standing, the Court has explained that it "encompasses [1] the general prohibition on a litigant's raising another person's legal rights, [2] the rule barring the adjudication of generalized grievances more appropriately addressed in the representative branches, and [3] the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." Id. at 2309 (internal quotations omitted).  Defendants assert that medical bills for someone else's injury is not an injury in fact.

I agree.  In their pleadings, plaintiffs allege that defendants acted with deliberate indifference to Whitby's constitution rights.  However, "[a] federal court's jurisdiction [] can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action." Warth v. Seldin, 422 U.S. 490, 499 (1975) (internal quotations omitted).  Further, "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Id. Lori and William Beauchamp do not allege that their own rights were violated; they claim that they have standing to sue because they suffered an injury as a result of incurring medical bills, costs and expenses related to Whitby's injuries.  Because Lori and William Beauchamp base their claim for relief on the legal rights and interests of Whitby, they lack standing to bring claims in their individual capacity.

Defendants also argue that William Beauchamp lacks capacity to bring the claims on Whitby's behalf because he is not alleged to be Whitby's parent or legal guardian.  Since the plaintiffs' complaint alleges only that Whitby is represented by and through Lori Beauchamp, I need not address the merits of this argument.

4

II.      Claims Against Defendants in Their Official Capacity

       Defendants argue that claims against Golde, Donnelly, Nesbitt, and Stankavage in their

official capacities should be dismissed because suits against defendants in their official capacities

simply represent another way of asserting their action against the Chichester School District.

Because plaintiffs stipulate to dismissing the claims against the defendants in their official

capacity, I need not address this issue.

III.      Failure to Identify a Substantive Right

       Defendants argue that plaintiffs' claims are insufficient as a matter of law because they

fail to identify the source of the substantive rights upon which they base their claims.  The

Supreme Court has held that "§ 1983 is not itself a source of substantive rights, but merely

provides a method for vindicating federal rights elsewhere conferred."  Graham v. Connor, 490

U.S. 386, 393-94 (1989) (internal quotations omitted).   In any § 1983 claim, plaintiffs must

"identify the exact contours of the underlying right said to have been violated."  County of

Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998).  Specifically, "plaintiffs must not only

present facts that establish a Constitutional violation, but also must indicate which Constitutional

right possessed by plaintiff was violated."  Cuvo v. De Bias, 339 F. Supp. 2d 650, 655 n.5 (E.D.

Pa. 2004) citing Graham, 490 U.S. at 394; see also Berg v. County of Allegheny, 219 F.3d 261,

268 (3d Cir. 2000) ("[T]he plaintiff must allege a violation of a federal right.").

       Plaintiffs fail to allege any constitutional right defendants may have violated.  Relying on

Gomez v. Toledo, plaintiffs argue that they need only allege that (1) defendants acted under the

color of state law and (2) the conduct deprived him of a federal right.  446 U.S. 635, 640 (1980).

In Gomez, the Court determined that the petitioner did not have to plead that the public official

acted in bad faith to satisfy these two requirements of § 1983.  Id.  Plaintiffs' reliance on Gomez

is inapposite, however, because unlike the petitioner in Gomez, who alleged that his federal right

to procedural due process was violated, plaintiffs fail to identify a federal right of which they

were deprived.  Id.

IV.    Punitive Damages

        Defendants contend that plaintiffs' claim for punitive damages against the Chichester

School District must be dismissed because punitive damages are not recoverable against

municipalities under 42 U.S.C. § 1983.  I agree.  The Supreme Court has held "that a

municipality is immune from punitive damages under 42 U.S.C. § 1983."  City of Newport v.

Fact Concerts, Inc., 453 U.S. 247, 271 (1981).  The Court reasoned that "[p]unitive damages by

definition are not intended to compensate the injured party, but rather to punish the tortfeasor."

Id. at 266-67.  However, "an award of punitive damages against a municipality 'punishes' only

the taxpayers, who took no part in the commission of the tort."  Id. at 267.  Accordingly, I will

dismiss plaintiffs' claim for punitive damages against the Chichester School District.

V.    Complaint Cannot be Amended by Briefs

        In their answer to defendants' motion to dismiss, plaintiffs appear to allege that Whitby's

constitutional liberty interest in personal bodily integrity, protected by the Fourteenth

Amendment's Due Process Clause, was violated.  "To decide a motion to dismiss, courts

generally consider only the allegations contained in the complaint, exhibits attached to the

complaint and matters of public record."  PBGC v. White Consol. Indus., Inc., 998 F.2d 1192,

1196 (3d Cir. 1993).  Defendants argue that plaintiffs cannot amend their complaint through a

legal brief submitted in opposition to the motion to dismiss.

I agree.  Plaintiffs identify the source of their substantive right claim for the first time in their response brief to defendants' motion to dismiss.  Therefore, I will grant defendants' motion to dismiss and will grant plaintiffs leave to amend.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BEAUCHAMP, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHICHESTER SCHOOL DISTRICT, et al. | : | NO. 05-4141 |
| | : | |

AND NOW, this 17th day of November 2005, upon consideration of defendants' motion to dismiss, plaintiffs' response and defendants' reply, and for the reasons set forth in the accompanying memorandum, it is ORDERED that:

1.    Defendants' motion to dismiss is GRANTED with respect to all claims filed by Lori Beauchamp and William Beauchamp in their own right.  All such claims are DISMISSED.

2.    Defendants' motion to dismiss is GRANTED with respect to individual defendants, Golde, Donnelly, Nesbitt and Stankavage, sued in their official capacity.  All such claims are DISMISSED.

3.    Defendants' motion to dismiss is GRANTED with respect to plaintiffs' claim for punitive damages against the Chichester School District.  All such claims are DISMISSED.

4.    With respect to all other claims, the motion to dismiss is GRANTED without prejudice, plaintiffs' request for leave to amend is GRANTED and plaintiffs may file an amended complaint within 15 business days of this Order.

5.    Defendants' motion for a more definite statement is DENIED as moot.

s/Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J.